**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v | § | |
| | § | CIVIL ACTION NO._____ |
| DEMCO, INC. | § | |
| Defendant | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |

**ORIGINAL COMPLAINT**

Springboards to Education, Inc., ("Springboard", "Springboards" or "Plaintiff") for its claims against Defendant, Demco, Inc. ("Demco"), respectfully alleges as follows:

**NATURE OF ACTION**

1.      This is an action at law and in equity for trademark counterfeiting, trademark infringement, trademark dilution, and unfair competition arising from Defendant's unauthorized use of Springboards' federally registered trademarks.  Springboards is the exclusive owner of all the trademark rights in and to the Springboards Trademarks (attached in Exhibit A) for various goods and services related to the educational field.

2.      Springboards offers for sale reading programs and related educational products.  The Springboards Trademarks are uniquely associated with the Springboards Brand and have come to symbolize the high quality that consumers can expect from Springboards

ORIGINAL COMPLAINT                                                                                                PAGE 1

as the source of such products and services. The Springboards Brand is proven to be instrumental in encouraging children to read, and increasing their reading and learning abilities as well as test scores immensely.  Accordingly, Springboards enjoys strong consumer loyalty, recognition, and goodwill in the educational field, and has become a household name all over the world.

3.     Springboards' claims in the present action arise from Defendant's unauthorized manufacture, production, distribution, advertisement, promotion, marketing, offering for sale, and/or sale of educational products and services bearing the Springboards Trademarks. Upon information and belief, Defendant is a major infringer of the Springboards Trademarks.  Defendant sells directly to the consuming public, as to confuse the consumers as the origin of the infringing products and services.

4.     Defendant is not connected or affiliated with Springboards in any way, nor does it have permission from Springboards to use any of its Trademarks, branding or any other intellectual property belonging to Springboards.  Rather, Defendant is blatantly exploiting the Springboards Trademarks and brand for their own commercial gain, intending to confuse and deceive the public by drawing on Springboards' goodwill in the marketplace. By offering for sale the infringing products and services, Defendant intends to, is likely to,

and does cause confusion and deceives consumers and the public regarding the source of

Defendant's merchandise, all to the detriment of Springboards.

5.      Further, Defendant has been put on notice of its infringing activities in

multiple cease and desist letters from June and November of 2013, (evidenced by Demco's

Response Letter attached as Exhibit B) as well as another cease and desist letter from July of

2016 (attached as C).

## THE PARTIES

1.      Springboards to Education, Inc. is corporation organized and existing under

the laws of the State of Texas, having its principal place of business at 3802 South Highway

281, Edinburg TX 78539.

2.      Demco, Inc. is organized and existing under the laws of the State of

Wisconsin, having its principal place of business at 4810 Forest Run Road, Madison,

Wisconsin 53704.

## JURISDICTION AND VENUE

3.      Springboards files this action against Defendant for trademark counterfeiting,

trademark infringement, and trademark dilution under the Lanham Trademark Act of 1946,

15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition under

the statutory and common law of the State of Texas.  This Court has subject matter jurisdiction over the trademark claims under 28 U.S.C. §§1331 and 1338(a).

4.      This Court has supplemental jurisdiction over the state law claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.      This Court also has jurisdiction over the state claims based on diversity. Specifically, since Springboards is corporation organized and existing under the laws of the State of Texas, while Demco, Inc. is organized and existing under the laws of the State of Wisconsin, and the amount in controversy exceeds $75,000 - complete diversity of the parties exists. *See* 28 U.S.C. § 1332.

6.      This Court has personal jurisdiction over Defendant because Defendant transacts a sufficient amount of business in Texas throughout the use of its interactive website and promotional materials, as well as employs territory and sales managers within the district.

7.      Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**The Springboards Trademarks**

1.      Springboards designs, markets, and sells reading and related products under the Springboards Brand and its associated Trademarks.

2.      Springboards is the owner of the entire right, title and interest in and to various trademark registrations and applications for the Springboards Brand for a variety of goods and services, including, but not limited to, the following U.S. trademark registrations (all certificates attached in Exhibit A):

Read A Million Words® (U.S. Reg. No. 3,995,345);

Millionaire Reader® (U.S. Reg. No. 4,080,513);

Millionaire's Reading Club® (U.S. Reg. No. 4,162,765);

Million Dollar Reader® (U.S. Reg. No. 4,291,796); and

Feel Like a Million Bucks ® (U.S. Reg. No. 4,782,995).

3.      The foregoing registrations are valid, subsisting, and in full force and effect.

4.      Additionally, Springboards has common law trademark rights in the Springboards unregistered trademarks for use in connection with products and services in the educational field and other related fields.

5.      Springboards began offering to sell, marketing and selling products and services bearing the Springboards Trademarks at least as early as 2005.

6.      Springboards maintains strict quality control standards for all goods and services under the Springboards Brand and Trademarks.

7.      Each year Springboards spends substantial resources in marketing and promoting the Springboards Brand and Trademarks, and sells hundreds of thousands of dollars of goods and services bearing the Springboards Brand and Trademarks.

8.      As a result of Springboards' exclusive and extensive use and promotion of the Springboards Brand and Trademarks for many years, the marks have acquired enormous value and recognition in the United States and elsewhere throughout the world, all of which inures to the benefit of Springboards. Consumers, potential customers and other members of the public not only associate the Springboards Brand and Trademarks with exceptional materials, style and workmanship approved by Springboards, but also recognize that goods and services bearing the Springboards Brand and Trademarks originate exclusively with Springboards. Accordingly, the Springboards Brand and Trademarks are symbols of Springboards' quality, reputation, and goodwill and serve as instant source identifiers for Springboards' products.

**Defendant's Infringing Activities**

ORIGINAL COMPLAINT                                                    PAGE 6

9.      Upon information and belief, Defendant is manufacturing, advertising, promoting, distributing, offering for sale, and/or selling the products and/or services bearing, similar to and/or resembling the Springboards Brand and Trademarks ("Counterfeit Products") throughout the State of Texas and across the United States.

10.     The breadth of Defendant's counterfeiting is extensive, as Defendant has sold thousands if not millions of pieces of Counterfeit Products.  Representative examples of Defendants' activities include, but are not limited to, the examples in Exhibit D.

11.     Upon information and belief, Defendant continues to offer the products similar to Springboard products for sale.

12.     This is even after multiple Cease and Desist Letters were sent to Defendant, and further after counsel for Defendant's attorney acknowledged said letter and responded that such Counterfeit Products would be removed from Defendant's website (Exhibit D). However, a statement to contact Defendant replaced the Counterfeit Products that led/leads to similar products that are meant to confuse consumers and thus infringe Springboards Trademarks.

13.     Defendant is not authorized and never has been authorized by Springboards to produce, manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing the Springboards Brand and Trademarks, or any variations thereof.

14.     Upon information and belief, the Defendant's Counterfeit Products and/or confusing similar products are of a quality substantially inferior to the Springboards Brand and Trademarks.

15.     Upon information and belief, Defendant is aware of the extraordinary fame and strength of the Springboards Brand and Trademarks, and the goodwill associated therewith. Upon information and belief, Defendant had access to materials and information bearing the Springboards Brand and Trademarks prior to Defendant's creation and sale of the Counterfeit Products.

16.     Upon information and belief, Defendant is actively using, promoting, and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of Counterfeit Products and/or confusing similar products with the knowledge that such goods will be mistaken for genuine Springboards Products.

17.     Upon information and belief, Defendant is diverting sales of Springboards products by advertising for sale Counterfeit Products bearing Springboards Brand and Trademarks with the knowledge that it cannot offer the Counterfeit Products nor confusing similar products, and instead offering its own products in the place of the Counterfeit Products and/or confusing similar products.  Exhibit E shows examples of Defendant's attempt to divert sales from Springboards.

18.     This misuse of the Springboards Brand and Trademarks causes actual confusion among customers of Springboards products.

19.     Upon information and belief, the Defendant is conducting its counterfeiting, diverting and infringing activities within the state of Texas.

20.     Defendant's use of unauthorized reproductions of Springboards Brand and Trademarks in connection with the manufacturing, advertising, promoting, distributing, offering for sale, and/or selling of the Counterfeit Products and/or confusing similar products is likely to cause, and does cause, actual confusion, deception, and mistake in the minds of consumers, the public, and the trade. Defendant's wrongful conduct is likely to create a false impression and deceive customers, does indeed create a false impression and does deceive customers, the public and the trade into believing there is a connection or association between genuine Springboards Products and Defendant's Counterfeit Products.

21.     Defendants are engaging in the above-described illegal counterfeiting knowingly and intentionally or with reckless disregard or willful blindness to Springboards' rights for the purpose of trading on the goodwill and reputation of Springboards. If Defendants' intentional counterfeiting and/or distribution, sale or offer to sale confusing similar products and other infringing activities are not permanently enjoined by this Court, Springboards and the consuming public will continue to be damaged.

22.     Springboards has no adequate remedy at law.

23.     Springboards is suffering irreparable injury and has suffered substantial damages as a result of the Defendant's counterfeiting and infringing activities.

24.     The injuries and damages sustained by Springboards have been directly and proximately caused by the Defendants' wrongful reproduction, use, manufacture, design, distribution, advertisement, promotion, offering to sell, and sale of their Counterfeit Products.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting — 15 U.S.C. § 1114)

25.     Springboards incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

26.     The registrations embodying the Springboards brand and Trademarks is in full force and effect, and the Springboards brand and Trademarks is entitled to protection under both federal law and common law.

27.     Defendant, without authorization from Springboards, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Springboards Brand and Trademarks in interstate commerce.

ORIGINAL COMPLAINT                                                PAGE 10

28.     The foregoing acts of Defendant is intended to cause, have caused, and are likely to continue to cause confusion and to deceive consumers, the public, and the trade into believing that Defendant's Counterfeit Products are genuine or authorized products of Springboards.

29.     Upon information and belief, Defendant has acted with knowledge of Springboards' ownership of the Springboards Brand and Trademarks and with deliberate intention or reckless disregard to unfairly benefit from the incalculable goodwill inherent in the Springboards Brand and Trademarks.

30.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

31.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

32.     Upon information and belief, Defendants will continue their infringing acts, unless restrained by this Court.

33.     Defendant's acts have damaged and will continue to damage Springboards, and Springboards has no adequate remedy at law.

34.     In light of the foregoing, Springboards is entitled to and demands injunctive relief prohibiting Defendant from using the Springboards Trademarks or any marks identical, substantially indistinguishable, and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Springboards has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.0 § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement — 15 U.S.C. § 1114)

35.     Springboards incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

36.     The Springboards Brand and Trademarks are nationally recognized, as being affixed to goods and merchandise of the highest quality and originating with Springboards.

37.     The registration embodying the Springboards Brand and Trademarks is in full force and effect, and entitled to protection under both federal law and common law.

ORIGINAL COMPLAINT                                                      PAGE 12

38.     Defendant's unauthorized use of the Springboards brand and Trademarks in interstate commerce and advertising of the same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Springboards or come from the same source as Springboards and are of the same quality as goods bearing the Springboards Brand and Trademarks.

39.     Defendant's use of the Springboards Brand and Trademarks is without Springboards' permission or authority and is in total and willful disregard of Springboards' rights to control its trademarks.

40.     Defendant's activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Springboards has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Springboards.

41.     Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Springboards and reap the benefit of Springboard's goodwill associated with the Springboards Brand and Trademarks.

ORIGINAL COMPLAINT                                                          PAGE 13

42.     As a direct and proximate result of Defendant's willful and unlawful conduct, Springboards has been damaged and will continue to suffer damage to its business and reputation unless Defendant is restrained by this Court from infringing the Springboards Brand and Trademarks.

43.     Defendant's acts have damaged and will continue to damage Springboards, and Springboards has no adequate remedy at law.

44.     In light of the foregoing, Springboards is entitled to injunctive relief prohibiting Defendant from using the Springboards Brand and Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Springboards has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.0 § 1117(c).

## THIRD CLAIM FOR RELIEF

**(False Designations of Origin False Descriptions — 15 U.S.C. § 1125(a))**

45.     Springboards incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

46.     The Springboards Brand and Trademarks are nonfunctional, inherently distinctive, and have achieved a high degree of consumer recognition and serve to identify Springboards as the source of high-quality goods to which the Springboards Brand and Trademarks are well known and have gained fame across the country.

47.     Defendant's promotion, advertising, distribution, sale, and/or offering for sale of the Counterfeit Products is likely to confuse, mislead, or deceive consumers, the public, and the trade, does indeed confuse, mislead and deceive consumers and the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely to and does indeed cause such parties to believe, in error, that the Defendant's Counterfeit Products has been authorized, sponsored, approved, endorsed or licensed by Springboards, or that Defendant is in some way affiliated with Springboards.

48.     Defendant's use of the Springboards Brand and Trademarks is without Springboards' permission or authority and is in total and willful disregard of Springboards' rights to control the Springboards Brand and Trademarks.

49.     Defendant's acts have damaged and will continue to damage Springboards and Springboards has no adequate remedy at law.

50.     In light of the foregoing, Springboards is entitled to injunctive relief prohibiting Defendant from using the Springboards brand and Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Springboards has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Trademark Di1ution — 15 U.S.C. § 1125(e))

51.     Springboards incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

52.     The Springboards Brand and Trademarks are strong and distinctive marks and have achieved notoriety and widespread public recognition, and are thus "famous" within the meaning of the Lanham Act.

53.     Defendant has used, in commerce, in connection with the sale of the Counterfeit Products, unauthorized reproductions of the Springboards brand and Trademarks, which are likely to cause, and have caused, confusion or mistake as to the affiliation,

connection, or association between Defendant and Springboards, or as to the origin, sponsorship, or approval of said Counterfeit Products by Springboards.

54.     Defendant's acts described above have diluted and continue to dilute the unique and distinctive Springboards brand and Trademarks.  These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Springboards, causing damage to Springboards in an amount to be determined at trial, as well as irreparable injury to the goodwill and reputation associated with the Springboards brand and Trademarks.

55.     Further, Defendant's use of the Springboards Brand and Trademarks has diverted sales from Springboards.

56.     Upon information and belief, Defendant's unlawful actions began after the Springboards Brand and Trademarks became famous.

57.     Upon information and belief, Defendant acted knowingly, deliberately and willfully with the intent to trade on the reputation of Springboards, and to dilute the Springboards Brand and Trademarks.  Defendant's conduct is willful, wanton, and egregious.

58.     Springboards has no adequate remedy at law to compensate Springboards fully for the damages that have been caused and which will continue to be caused to Springboards by Defendant's unlawful acts unless they are enjoined by this Court.

59.     In light of the foregoing, Springboards is entitled to injunctive relief prohibiting Defendant from using the Springboards brand and Trademarks, and to recover all damages, including attorneys' fees, that Springboards has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Texas Anti-Dilution Statute – Tex. Bus. & Com. Code § 16.103)

60.     Springboards incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

61.     Due to Springboards' extensive sales of products bearing the Springboards Brand and Trademarks, and significant marketing and promotional activities of the Springboards brand and Trademarks, the Springboards Brand and Trademarks have achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States and abroad.

62.     Through Springboards' prominent, long and continuous use in commerce, including commerce within Texas, the Springboards Brand and Trademarks have become and continue to be famous and distinctive.

ORIGINAL COMPLAINT                                                                PAGE 18

63.     Springboards' arbitrary and distinctive Springboards Brand and Trademarks identify Springboards as the source/origin of the goods on which they appear.

64.     After the Springboards Brand and Trademarks became famous, Defendant, without authorization from Springboards, began using marks that are confusingly similar to the Springboards brand and Trademarks.  Defendant's use of unauthorized reproductions of the Springboards brand and Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Springboards' products. Defendant's unlawful use of the Springboards brand and Trademarks in connection with their inferior products also is likely to tarnish the Springboards Brand and Trademarks and cause blurring in the minds of consumers between Springboards and Defendant, thereby lessening the value of the Springboards Brand and Trademarks as unique identifiers of Springboards' products.

65.     By the acts described above, Defendant have caused and will continue to cause irreparable injury to Springboards' goodwill and business reputation, in violation of the Texas Anti-Dilution Statute, Tex. Bus. & Com. Code § 16.103..

66.     The acts of Defendant alleged in Paragraphs 1-66 above were committed willfully, with full knowledge of Springboards' rights and with the intention of deceiving and misleading the public and causing harm to Springboards.

67.     As a direct and proximate result of Defendant's unlawful acts, Springboards has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

68.     In light of the foregoing, Springboards is entitled to injunctive relief prohibiting Defendant from using the Springboards brand and Trademarks, and to recover all damages, including attorneys' fees, that Springboards has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

69.     Springboards incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

ORIGINAL COMPLAINT                                                      PAGE 20

70.     Springboards owns all rights, title, and interest in and to the Springboards Brand and Trademarks, including all common law rights in such marks.

71.     Defendant, without authorization from Springboards, has used and is continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Springboards brand and Trademarks.

72.     Furthermore, the Defendant's use of Springboards Brand and Trademarks has diverted sales from Springboards' Products.

73.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Counterfeit Products originates from, or is affiliated with, sponsored by, or endorsed by Springboards.

74.     Defendant's acts constitute trademark infringement in violation of the common law of the State of Texas.

75.     Upon information and belief, Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Springboards. Defendant's unlawful actions have caused Springboards damage in an amount presently unknown, but in an amount to be determined at trial.

76.     Springboards has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct.

77.     Springboards has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

78.     Springboards incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

79.     By the acts described above, Defendant has engaged in unfair competition in violation of the common law of the State of Texas.

80.     Defendant's unlawful acts are causing great and irreparable injury to Springboards, and will continue to irreparably harm Springboards unless enjoined.

81.     Upon information and belief, Defendant has profited from its unlawful actions and have been unjustly enriched to the detriment of Springboards. Defendant's unlawful actions have caused Springboards damage in an amount presently unknown, but in an amount to be determined at trial.

**PRAYER FOR RELIEF**

1.       WHEREFORE, Springboards respectfully prays that this Court enter judgment in its favor and against Defendant as follows:

2.       Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are hereby temporarily, preliminarily, and permanently enjoined from using the Springboards Brand and Trademarks, including, but not limited to: manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Springboards Brand and Trademarks or any marks/designs identical, substantially indistinguishable, substantially similar, and/or confusingly similar thereto;

3.       Engaging in any other activity constituting unfair competition with Springboards, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Springboards;

4.       Engaging in any other activity that would dilute the distinctiveness of the Springboards Brand and Trademarks; and

5.      Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant is licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Springboards;

6.      Ordering Defendant to recall from any distributors and retailers and to deliver to Springboards for destruction or other disposition all remaining inventory of Counterfeit Products, or other printed/published material bearing the Springboards Brand and Trademarks, or any marks confusingly similar or substantially similar thereto, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

7.      Ordering Defendant to file with this Court and serve on Springboards within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

8.      Ordering Defendant to disclose its supplier and manufacturer of the Counterfeit Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Counterfeit Products;

9.      Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts;

10.     Awarding Springboards all of Defendant's profits and all damages sustained by Springboards as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b).

11.     Awarding treble damages in the amount of Defendant's profits or Springboards' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

12.     Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

13.     Awarding Springboards statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 504(c);

14.     Awarding Springboards punitive damages in connection with its state law claims; on account of Defendant's willful misconduct and fraud and deceit upon the public; and

15.     Such other relief as may he just and proper.

**DEMAND FOR JURY TRIAL**


Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Springboard hereby demands a trial by jury of all claims in this litigation.


Dated: August 17, 2016                                   Respectfully Submitted,


                                                         **DELEON LAW GROUP PC**


                                                         **RUBEN C. DELEON**
                                                         **STATE BAR NO. 00790577**
                                                         **15851 DALLAS PARKWAY**
                                                         **SUITE 600**
                                                         **ADDISON, TEXAS 75001**
                                                         **TELEPHONE:  214-561-8687**
                                                         **FACSIMILE:    877-488-8983**

                                                         **ATTORNEY FOR PLAINTIFF**
                                                         **SPRINGBOARDS TO**


ORIGINAL COMPLAINT                                                    PAGE 26