IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC., | § § § | |
| Plaintiff-counterdefendant, | § § | |
| VS. | § | Civil Action No. 3:16-CV-2398-D |
| DEMCO, INC., | § § § | |
| Defendant-counterplaintiff, | § § | |
| and | § § | |
| W.W. GRAINGER, INC., et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterplaintiff Springboards to Education ("Springboards") sues defendant-counterplaintiff Demco, Inc. ("Demco") and defendants W. W. Grainger, Inc. ("Grainger") and Collaborative Summer Library Program ("CSLP") to recover on federal- and state-law trademark and related claims. Grainger moves to dismiss Springboards' third amended complaint ("complaint") for failure to state a claim on which relief can be granted. For the reasons that follow, the court denies the motion.

I

Springboards sells products and programs for use by educators to incentivize children to read. One product—the Read a Million Words Campaign—is a customizable campaign that encourages students to read one million words by the end of the school year.

Springboards secured several trademarks to protect its product, including "Read a Million Words," "Millionaire Reader," "Millionaire's Reading Club," "Million Dollar Reader," and "Feel Like a Million Bucks."

This lawsuit is based on allegedly infringing products sold by Demco, a competitor of Springboards, and Grainger, a business-to-business distributor of maintenance products. Springboards asserts that Demco and Grainger, through the Upstart brand that they each owned at different points in time, sold products that copied the Read a Million Words program. These products include a "Bank on Books!" Activity Guide ("Activity Guide") that contains a large million dollar bill with a cutout in the center for a child's face, and the Million Dollar Reader trademark, as well as a million dollar bill bookmark ("Bookmark") that Springboards alleges contains trademarks infringing on Springboards' Million Dollar Reader trademark. Springboards also alleges that Upstart's catalogue contains other products, including bags, that copy Springboards' Million Dollar Reader trademark. Springboards asserts that these products were distributed under Upstart and Edupress brands by Lab Safety Supply, Inc. ("LSS") and Highsmith. Grainger acquired LSS and Highsmith at an unspecified point in time. Demco later acquired from Grainger the assets of Highsmith, including the Upstart brand.[1]

Springboards brought this lawsuit against Demco alleging seven claims of trademark

---

[1]The third amended complaint alleges that Demco acquired the assets of Highsmith from Grainger at some point in time, but that further discovery is necessary "to determine the precise nature of Grainger's relationship with Lab Safety Supply, Inc. and Highsmith at all material times." 3d Am. Compl. 15, ¶ 51.

infringement. It later amended its complaint to include Grainger and CSLP as defendants. In the current complaint,[2] Springboards alleges seven claims for trademark infringement against Grainger, Demco, and CSLP.[3] It maintains that Grainger is liable for selling infringing products under the Upstart and Edupress brands during the period spanning from its acquisition of LSS and Highsmith to when it sold Highsmith to Demco. It alleges, in pertinent part:

> [o]n information and belief, Grainger and later, Demco distributed a million dollar bill bookmark for educators to use in connection with a "Million Word Challenge." On information and belief, the bookmark contained trademarks identical to or confusingly similar to Springboards to Education's Million Dollar Reader® Trademark.

3d Am. Compl. 15, ¶ 53.

> The Infringing Activity Guide also has been disseminated under the Upstart, Highsmith, and/or Lab Safety Supply, Inc. name or Brands by Grainger and, later, by Demco through the Upstart, Highsmith, and/or Lab Safety Supply, Inc. name or Brands.

*Id.* at 15-16, ¶ 54.

Springboards also asserts that Grainger continued to be jointly responsible with

---

[2]Springboards moved for and obtained leave to file a third amended complaint. The court denied without prejudice Grainger's pending motion to dismiss Springboards' second amended complaint for failure to state a claim.

[3]Count 1 alleges trademark counterfeiting, in violation of 15 U.S.C. § 1114. Count 2 alleges trademark infringement, in violation of 15 U.S.C. § 1114. Count 3 alleges false designations of origin false descriptions, in violation of 15 U.S.C. § 1125(a). Count 4 alleges trademark dilution, in violation of 15 U.S.C. § 1125(c). Count 5 is based on the Texas Anti-Dilution Statute. Tex. Bus. & Com. Ann. Code § 16.103. Count 6 alleges common law trademark infringement. And Count 7 is based on common law unfair competition.

- 3 -

Demco for the sale of allegedly infringing products:[4]

> On information and belief, by virtue of its merger/acquisition of Lab Safety Supply, Inc. and Highsmith to claim a copyright on the Infringing Activity Guide, Grainger continued to be jointly responsible for the continued publication and dissemination of the Infringing Activity Guide after Demco acquired the assets of Highsmith from Demco.

*Id.* at 16, ¶ 57.

Grainger now moves to dismiss under Fed. R. Civ. P. 12(b)(6), contending that Springboards has failed to state a claim on which relief can be granted. Springboards opposes the motion.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin F. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a motion to dismiss, Springboards must allege enough facts "to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft*

---

[4]Springboards also alleges that distributor CSLP, a consortium of states that aim to offer a unified summer reading theme among member libraries, contributed to such infringement. According to Springboards, CSLP marketed Demco's products and linked to the Activity Guide on its website.

- 4 -

*v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

The court first considers Grainger's contention that Springboards has not pleaded facts supporting the essential elements of its claims.

A

Grainger maintains that Springboards has pleaded no facts showing that Grainger used a trademark in commerce relating to the Activity Guide or the Bookmark. Grainger contends that all the facts establish Demco and CSLP's alleged use of Springboards' trademarks in Demco's products. Thus it maintains that the court should dismiss Springboards' claims because all of its claims require that Springboards show that Grainger used an infringing

*v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

The court first considers Grainger's contention that Springboards has not pleaded facts supporting the essential elements of its claims.

A

Grainger maintains that Springboards has pleaded no facts showing that Grainger used a trademark in commerce relating to the Activity Guide or the Bookmark. Grainger contends that all the facts establish Demco and CSLP's alleged use of Springboards' trademarks in Demco's products. Thus it maintains that the court should dismiss Springboards' claims because all of its claims require that Springboards show that Grainger used an infringing

trademark.

All seven of Grainger's claims require that Grainger actually use the allegedly infringing trademark.[5] Accepting the facts of the complaint as true, and viewing them in the light most favorable to Springboards, the complaint plausibly pleads that Grainger used the Million Dollar Reader Trademark in commerce. Grainger distributed the Activity Guide under the Upstart, Highsmith, or LSS brand. Grainger also distributed a million dollar bill bookmark for educators to use as part of a "Million Word Challenge." Grainger remains connected online to the use of Springboards' trademarks based on an Internet search.[6] And Grainger is involved in the ongoing publication of the Activity Guide, even after Demco's acquisition of Highsmith, based on its claim to ownership of the copyright on the infringing product. The court therefore holds that Springboards has plausibly pleaded Grainger's use

---

[5]Claims 1 and 2 under 15 U.S.C. § 1114 require that any person "use in commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark[.]" Claim 3, under 15 U.S.C. § 1125(a), specifies that a violation occurs when any person "uses in commerce" an allegedly infringing mark. Claim 4, for trademark dilution under 15 U.S.C. § 1125(c), requires "use of a mark or trade name in commerce." Claim 5, under the Texas Anti-Dilution statute, also requires a person's "commercial use of a mark or trade name." Tex. Bus. & Com. Code Ann. § 16.103 (West 2017). Claim 6, for common law trademark infringement, similarly requires that the defendant use the trademark. *See GoForIt Entm't, LLC v. DigiMedia.com L.P.*, 750 F.Supp.2d 712, 733 (N.D. Tex. 2010) (Fitzwater, C.J.) (citing *All Am. Builders, Inc. v. All Am. Siding of Dall., Inc.*, 991 S.W.2d 484, 488 (Tex. App. 1999, no pet.)) ("The issues in a common law trademark infringement action under Texas law are no different than those under federal trademark law."). Claim 7, for common law unfair competition, requires the showing of an illegal act by Springboards. *See Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000).

[6]Exhibit E of Springboards' complaint contains Grainger's website in the results for a search based on the terms "lab safety supply inc" and "upstart activity guide." P. Ex. E.

of Springboards' trademarks in commerce.

B

Grainger also contends that Springboards has failed to adequately plead that Grainger's use of the trademark "is likely to cause confusion."[7] Mot. at 14. But Grainger provides no explanation for why the use of the phrase "Million Dollar Reader" in a variety of Upstart products would not cause confusion regarding Springboards' relationship to such products. P. Ex. C, D. Accordingly, the court holds that Springboards has plausibly pleaded this element of its claims.[8]

IV

The court now turns to Grainger's argument that Springboards' complaint should be dismissed because all claims against Grainger are barred by the applicable statute of limitations.

Grainger maintains that the complaint limits its liability to the period of time before it sold the assets of Highsmith to Demco.[9] And because Demco acquired all of the Highsmith

---

[7]For example, a cause of action under 15 U.S.C. § 1441 requires that "such [infringing] use is likely to cause confusion, or to cause mistake or to deceive." *Bos. Prof'l Hockey Ass'n, Inc. v. Dall. Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1009-10 (5th Cir. 1975).

[8]Because the court holds that Springboards has plausibly pleaded Grainger's use of the allegedly infringing trademark, it does not reach Springboards' contention that the parties' January 24, 2017 stipulation bars Grainger's argument about the sufficiency of Springboards' pleadings.

[9]The complaint alleges that "Grainger is liable to Springboards to Education for all infringing products marketed, disseminated, or sold by Grainger after its merger / acquisition of Lab Safety Supply, Inc. and Highsmith and before it sold the assets of Highsmith to

assets on December 20, 2010, the alleged infringement for which it is liable falls outside the applicable two or four year statute of limitations.[10]

"[A] complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action, pursuant to Rule 12(b)(6)." *Patton v. Fujitsu Tech. Sols., Inc.*, 2002 WL 31498996, at *2 (N.D. Tex. Nov. 7, 2002) (Fish, C.J.) (citing *J.M. Blythe Motor Lines Corporation v. Blalock*, 310 F.2d 77, 78 (5th Cir. 1962)) (noting that defense may be raised where complaint "affirmatively" shows claim is barred).

> [But] because an adequately stated claim may be supported by showing any set of facts consistent with the allegations in the complaint, dismissal for failure to state a claim based on the statute of limitations defense should be granted only when the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint.

*Jaso v. The Coca Cola Co.*, 435 Fed. Appx. 346, 352 (5th Cir. 2011) (per curiam) (citation and internal quotation marks omitted).

---

Demco." 3d Am. Compl. ¶ 56.

[10]Springboards' first four claims under the Lanham Act are subject to a four year statute of limitations. "The Lanham Act establishes no limitations period for claims alleging unfair competition or false advertising." *Jaso v. The Coca Cola Co.*, 435 Fed. Appx. 346, 356 (5th Cir. 2011) (per curiam). "In Texas, a Lanham Act violation is governed by the four year statute of limitations under Texas law." *Mary Kay, Inc. v. Weber*, 601 F.Supp.2d 839, 859-60 (N.D. Tex. 2009) (Fish, J.) (citation and internal quotation marks omitted). Springboards' claim under the Texas Anti-Dilution statute and its common law claims are governed by a two year statute of limitations. *See Procter & Gamble Co. v. Amway Corp.*, 80 F.Supp.2d 639, 657 (S.D. Tex. 1999) (holding two year statute of limitations period applies to anti-dilution claims), *aff'd in part, rev'd in part*, 242 F.3d 539 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code § 16.003 (West 2017).

Grainger's conduct, as alleged in the complaint, does not clearly fall outside the limitations period. First, the complaint alleges that Grainger plays a role in the ongoing use of Springboards' trademark—use that continues after the acquisition of the Highsmith assets by Demco. The allegations of ¶ 56 of the complaint do not indisputably limit Grainger's liability to infringement occurring while it owned Highsmith. It is not apparent from the face of the complaint when the transfer of Highsmith occurred.[11] Nor is it clear that all of the divisions associated with allegedly infringing products transferred to Demco with the Highsmith acquisition. Thus the complaint does not clearly show that Grainger's allegedly infringing conduct ceased at the time of the Highsmith acquisition. Because factual issues regarding the statute of limitations defense remain, the court declines to dismiss Springboards' claims against Grainger on this ground. *See, e.g., Chappell v. Goltsman*, 186 F.2d 215, 218 (5th Cir. 1950) ("It is only on the basis of a showing that there is no genuine issue of fact as to the existence of the affirmative defense that the court is authorized to sustain the motion and dismiss the action on that ground.").

---

[11]Grainger maintains that Springboards has pleaded that the Highsmith acquisition occurred in December 2010 because Springboards included the date in its motion for leave to file a third complaint. Grainger also points to a press release attached to its response to Springboards' motion for leave, which states the date of the acquisition as December 20, 2010. Even if the court considers these documents, it cannot say that Springboards' "potential rejoinder to the affirmative defense [is] foreclosed by the allegations in the complaint." *Jaso*, 435 Fed. Appx. at 352.

V

Finally, the court addresses Grainger's contention that Springboards' claims should be dismissed because they constitute a "fishing expedition," which the court should not allow. Grainger bases its argument on Springboards' statements in the complaint that discovery is necessary to understand the precise relationship among LSS, Highsmith, and Grainger, as well as the "full extent of Defendants' infringing conduct." 3d Am. Compl. 20, ¶ 73.

Grainger has failed to demonstrate that its motion to dismiss should be granted on this ground where, as here, Springboards has plausibly pleaded its claims against Grainger and merely suggests that it will later invoke the Rule 26 discovery process. *See* Rule 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]").

\* \* \*

The court denies Grainger's motion to dismiss for failure to state a claim.

**SO ORDERED**.

December 5, 2017.

                                                      SIDNEY A. FITZWATER
                                                     UNITED STATES DISTRICT JUDGE